# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>GAINES, et al.,<br><br>Defendants. | Case No. 1:18-cv-01285-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Doc. 2)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

Plaintiff filed a motion to proceed *in forma pauperis* along with this civil rights action pursuant to 42 U.S.C. § 1983. In his application, Plaintiff indicates that his average monthly account balance for each of the six months prior to the date of his declaration was $300.00 and that he has approximately $7,000.00 in mutual funds. Plaintiff has more than sufficient funds to be required to pay the filing fee in full to proceed in this action.

**I.   Legal Standard**

An indigent party may be granted permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th

1

Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Plaintiff indicates on his application that his biological son and stepson live with him. While Plaintiff's

sons may have lived with Plaintiff prior to his arrest and incarceration, they certainly are not residing with him at the correctional facility. If they are minors, or have other disabilities which prohibit them from living on their own, they would have been placed with other family members or social services when Plaintiff was taken into custody. Further, Plaintiff is currently held at the Community Correctional Facility in Delano, CA, the City of Delano is paying for his necessities of daily life. *Williams*, 877 F.2d 65.

Plaintiff had an average of $300.00 in his account in each of the six months preceding the filing of this action and has $7,000.00 in mutual funds from which he may pay the filing fee for this action. Thus, Plaintiff's application to proceed *in forma pauperis* should be denied.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Plaintiff's application to proceed *in forma pauperis*, filed on September 13, 2018 (Doc. 2), be **DENIED** and that Plaintiff be required to pay the $400.00 filing fee to proceed in this action. The Clerk of the Court is directed to randomly assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is informed that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2018**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE