# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>GRIMES, et al.,<br><br>Defendants. | **Case No. 1:18-cv-01285-AWI-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE AS BARRED BY** *HECK V. HUMPHRY*, **512 U.S. 477 (1994)**<br><br>**(Docs. 1, 9, 11, 16)**<br><br>**21-DAY DEADLINE** |

## **FINDINGS**

### A. **Procedural History**

Plaintiff's claims are based on difficulty he had mailing both a notice of appeal to the state court in Riverside, California and correspondence to a non-profit criminal defense firm seeking assistance with his criminal appeal. The actions of which Plaintiff complains are ultimately based on difficulties he encountered attempting to pursue an appeal in his criminal matter. Plaintiff seeks release but has not shown that his conviction has been reversed, expunged, declared invalid, or called into question such to be allowed to proceed under § 1983. Thus, for the reasons discussed below, that this action should be **DISMISSED** without prejudice.

### B. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Summary of the Complaint

Though Plaintiff is housed at the Community Correctional Facility in Delano, he raises issues based on events that occurred when he was housed at Wasco State Prison. Plaintiff names Correctional Officers Grimes, Lucas, and Henry as the only defendants.

Plaintiff alleges that, on April 16, 2018, he submitted a CR-120 direct appeal form along with a request for certificate of probable cause for mailing to the Riverside Superior Court to

2

Grimes in Lucas's presence. Grimes inspected the envelope and appeared to sign and place a badge number on the envelope. Plaintiff requested a signature on the proof of service to show that he timely submitted the CR-120 and a request for appointment of counsel. Lucas, Grimes, and Plaintiff had a discussion because neither Lucas nor Grimes knew the procedure for the proof of service by mail. Plaintiff alleges the mail record should have the dates that the legal mail was sent, but the mailroom failed to respond to his Form 22 request or to send a copy of the mail record. Plaintiff's CR-120 appeal form was not received by the Riverside Superior Court, which Plaintiff alleges violated his rights of access to the courts, to due process, to post bail pending appeal, and to counsel. (Doc. 1, p. 7.) Despite lapse of several weeks, Plaintiff did not receive a log number or a signature in response to his Form 22 request, so he sent correspondence to Appellate Defenders Inc. who declined to assist Plaintiff with his appeal. For the reasons discussed below, Plaintiff cannot state a cognizable claim on the events which occurred. Thus, this action should be dismissed.

### D. **Pleading Requirements**

#### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

3

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### E. **Legal Standards**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-

4

frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414, overruled on other grounds*, Hust v. Phillips*, 555 U.S. 1150 (2009)).

Plaintiff bases this action on his inability to file a direct criminal appeal, which is a protected legal claim. However, the Court cannot find that any appeal Plaintiff might have filed is non-frivolous or arguable. To the contrary, the letters from Appellate Defenders, Inc. attached to the complaint show that Plaintiff received the sentence (a 10-year prison term) that he agreed after negotiating plea, which also included his waiver of his right to appeal. (Doc. 1, pp. 10-13.)

As held by the Supreme Court,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea. . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, Plaintiff's challenge is limited to whether "discovery of the evidence would have led counsel to change his recommendation as to the plea." *Lambert v. Blodgett*, 393 F.3d 943, 982 (9th Cir. 2004). Further, Plaintiff's waiver of the right to appeal waives all challenges other than "sentencing error or problems with the judgment." *People v. Nguyen*, 13 Cal. App. 4th 114, 121 (1993).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or

5

sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

Plaintiff seeks his immediate release from incarceration. (*See* Doc. 1, p. 15; Docs. 9, 11, 16.) Thus, even if Plaintiff seeks to challenge the evidence on which the plea was recommended to him, or to raise sentencing error or problems with the judgment he must first do so by way of habeas review, not under § 1983. Plaintiff does not state any allegations to show reversal, expungement, invalidation, or habeas corpus challenge to the issues underlying the claims he seeks to raise here. Thus, this action should be dismissed without prejudice.

## **CONCLUSION & RECOMMENDATIONS**

Plaintiff has failed to state any claims that are cognizable under section 1983 until the underlying actions he complains of have been reversed, expunged, declared invalid, or called into question by writ of habeas corpus. Plaintiff need not be given leave to amend as these deficiencies are not capable of cure through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Based on the foregoing, the Court RECOMMENDS that the Complaint (Doc. 1) be dismissed without prejudice for failure to state a claim upon which relief can be granted and all pending motions for his release (Docs. 9, 11, 16) should be disregarded.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

6

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 8, 2019**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE