UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER SANDERS,<br><br>                Plaintiff,<br><br>   v.<br><br>GRIMES, et al.,<br><br>                Defendants. | Case No.: 1:18-cv-01285-AWI-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 27) |

      Plaintiff Sanders requests the appointment of counsel. (Doc. 27.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiffs under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

      Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

      In the present case, the Court does not find the required exceptional circumstances. Even

1

| | |
|---|---|
| 1 | if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if |
| 2 | proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar |
| 3 | cases almost daily. In addition, at this early stage in the proceedings, the Court cannot determine |
| 4 | on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in |
| 5 | this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *See id.* |

Plaintiff argues that the Court should appoint counsel under habeas corpus statutes, 28 U.S.C. §§ 2242 and 2254, and 18 U.S.C. § 3006A(a)(2)(B). (Doc. 24 at 1-3.) However, this case is *not* a habeas corpus case; it is a civil rights case under 42 U.S.C. § 1983. The Court dismissed Plaintiff's complaint because he sought release from custody, which the Court cannot grant in a section 1983 action. (Doc. 17 at 1, 4-6; Doc. 19 at 1-2.) The Ninth Circuit affirmed the Court's dismissal with respect to Plaintiff's request for release from custody but remanded the case with respect to his other requests for relief. (Doc. 26.) If Plaintiff seeks to pursue a writ of habeas corpus, either in state court or in federal court, he must do so in a separate case.

For the foregoing reasons, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated: **December 11, 2019**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE