UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER SANDERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRIMES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-01285-AWI-JLT (PC)<br><br>**SECOND ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT**<br><br>21-DAY DEADLINE |

Plaintiff alleges that Defendants denied him access to the courts by failing to mail his direct appeal of his criminal conviction. (Doc. 1.) The Court found that Plaintiff's claims were barred by the "favorable termination rule" of *Heck v. Humphrey*, 512 U.S. 477 (1994), and dismissed this case. (Docs. 17, 19.) Plaintiff appealed. (Doc. 21.) The Ninth Circuit affirmed the Court's judgement with respect to Plaintiff's request for release from custody, but it vacated the judgment and remanded with respect to Plaintiff's requests for relief other than release. (Doc. 26.) The Court then screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it failed to state a cognizable claim, and it granted Plaintiff leave to file a first amended complaint. (Doc. 28.)

Plaintiff filed a response to the Court's screening order on January 2, 2020. (Doc. 33.) In his response, Plaintiff provides various legal standards for mail and access to courts claims, section 1983 actions, and motions to dismiss. (*Id.* at 2-10.) Plaintiff also provides a legal

argument for why he states a cognizable access to courts claim and why he should be awarded damages for the bail he forfeited as a result of Defendants' conduct. (*Id.* at 6-7, 10-11.) However, Plaintiff does not address the crux of the Court's screening order, which is that Plaintiff fails to state a viable access to courts claim because he does not show that his underlying claim (i.e., his direct appeal in state court) is non-frivolous or arguable. (*See* Doc. 28 at 4.) The Court, therefore, again instructs Plaintiff to file a first amended complaint curing this deficiency.

In the introduction of his response, Plaintiff also states, "[a]lthough the plaintiff had requested to amend the complaint to submit barred issues by way of §2254 petition, he believes that … Rule 15(c) … would show the existence of a common core of operative facts…. The only difference would be a change from 42 U.S.C.§ 1983 to §2254 petition for writ of habeas corpus by a person in custody regarding barred issues." (Doc. 33 at 2.) It is unclear whether Plaintiff is attempting to request leave to file an amended pleading in the form of a *habeas* petition, particularly because, in his conclusion, Plaintiff's only specific request for relief is "the reimbursement of the forfeited bond amount." (*Id.* at 11.)

To the extent that Plaintiff does request leave to file an amended pleading in the form of a *habeas* petition, the Court denies the request. In its findings and recommendations issued in April of 2019, which were adopted by the assigned District Judge, the Court informed Plaintiff that his claims were not "cognizable under section 1983 until the underlying actions he complains of have been reversed, expunged, declared invalid, or called into question by writ of habeas corpus." (Doc. 17 at 6; Doc. 19 at 2.) Instead of filing a *habeas* petition at that time, Plaintiff appealed the Court's ruling to the Ninth Circuit, which in turn held that Plaintiff's request for release from custody was barred under *Heck*, 512 U.S. at 487-88. (Doc. 22 at 1; Doc. 26 at 1.)

As the Court stated in its order denying Plaintiff's motion for release from prison, Plaintiff cannot seek both damages under section 1983 and release from custody in the same action. (*See* Doc. 30.) Where a complaint alleges some claims that sound in *habeas* and others that do not, the Court may dismiss the *habeas* claims and allow the non-*habeas* claims to proceed, as it has done here. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 681 (9th Cir. 1984). The Court will not convert a

defective complaint containing both *habeas* claims and section 1983 claims into a *habeas* petition. *See Trimble*, 49 F.3d at 586.

Furthermore, Plaintiff has not shown that he exhausted his *habeas* claims in state court, as is required by 28 U.S.C. § 2254(b). *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Since Plaintiff does not make this showing, the Court finds that leave to amend his complaint into a *habeas* petition would be futile. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

Accordingly, the Court again **ORDERS** Plaintiff, **within 21 days** from the date of service of this order, to file a first amended complaint curing the deficiencies identified in the Court's screening order, (Doc. 28), OR a notice of voluntary dismissal of this entire section 1983 action. Any amended complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2); it should not contain detailed legal arguments. **If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed with prejudice for failure to state a claim and to obey a court order**. The Court also **DIRECTS** the Clerk's Office to send Plaintiff a civil rights complaint form.

IT IS SO ORDERED.

Dated: **January 15, 2020**             /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE