# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER SANDERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GRIMES, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01285-AWI-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br><br>(Doc. 35)<br><br>21-DAY DEADLINE |

On December 6, 2019, the Court screened Plaintiff's complaint and found that it fails to state a cognizable access to courts claim because it fails to show that Plaintiff's underlying claim (i.e., a direct appeal of a state criminal conviction) is non-frivolous or arguable. (Doc. 28; *see also* Doc. 34.) The Court granted Plaintiff leave amend. (*Id.*)

Plaintiff has now filed a first amended complaint, alleging that Defendants violated his constitutional rights to counsel and legal mail. (Doc. 35.) The Court finds that Plaintiff's first amended complaint states a cognizable claim against Grimes and Lucas regarding his right to send legal mail; but, the claims against Henry, as well as the claim regarding his right to counsel, are not cognizable. The Court further finds that Plaintiff may seek only nominal damages because he does not show that Defendants' alleged constitutional violations caused him actual injury; Plaintiff may not seek compensatory damages such as reimbursement of his forfeited bond.

Accordingly, the Court directs Plaintiff to file a second amended complaint curing the deficiencies identified in this order. Alternatively, Plaintiff may file a notice that he wishes to proceed only on the legal mail claim against Grimes and Lucas and to seek only nominal damages.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

///

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

**B. Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

To meet the causation requirement of section 1983, "the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (citations omitted). To establish that a defendant's misconduct is the "cause-in-fact" of an alleged injury, the plaintiff must show that the "injury would not have occurred in the absence of the conduct." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). To establish that misconduct is the "proximate cause" of an injury, the plaintiff must show that "the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Id.* (citation

omitted); *see also Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (causation definition in *Johnson*, *supra*, "closely resembles the standard 'foreseeability' formulation of proximate cause") (citations omitted). "Like in any proximate cause analysis, an intervening event may break the chain of causation between the allegedly wrongful act and the plaintiff's injury." *Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018). "Additionally, a defendant's conduct cannot be considered the proximate cause of the plaintiff's injury if the connection between the constitutional violation and the injury is too remote." *Cox v. United States*, No. 8:16-cv-1222-CJC-KES, 2019 WL 297982, at *10 (C.D. Cal. 2019) (citing *Martinez v. State of Cal.*, 444 U.S. 277, 285 (1980)).

### III. DISCUSSION

#### A. Plaintiff's Allegations

Plaintiff's allegations stem from events occurring while he was incarcerated at Wasco State Prison. (*See* Doc. 35 at 2-3.) Plaintiff alleges he submitted a notice of appeal, a request for a certificate of probable cause, and a request for appointment of counsel to Correctional Officers Grimes and Lucas on April 16, 2018. (*Id.* at 4.) Plaintiff sought to appeal the state criminal conviction for which he is currently incarcerated. (*See* Doc. 1 at 1, 5-8.) After four weeks, Plaintiff requested a copy of his legal mail log to confirm that the above documents were mailed to the Riverside County Superior Court. (Doc. 35 at 4.) After not receiving a response from the mailroom staff, Plaintiff requested copies of his mail log from Correctional Officers Grimes and Henry. (*Id.*) Both failed to provide copies and, apparently, Plaintiff failed to follow up with the Riverside County Superior Court. (*Id.*) Months later, Plaintiff received notice from an appeals coordinator that the above documents were mailed to the Superior Court on July 31, 2018, approximately three and half months after he submitted them to Grimes and Lucas. (*Id.*)

Based on the above, Plaintiff alleges that Grimes, Lucas, and Henry violated his "constitutional right to hire and consult an attorney by failing to correctly process plaintiff's legal documents." (*Id.* at 6.) Plaintiff also alleges that Defendants interfered with his right to send legal mail. (*See* Doc. 35 at 8.) Due to Defendants' conduct, Plaintiff alleges "he was unable to hire counsel to timely submit the application for bail pending appeal, which ultimately caused the

forfeiture of the [$]175,000 bond that was in good standing with the Riverside Superior Court." (*Id.* at 6, 10.) Plaintiff seeks "reimbursement of the forfeited $175,000 bond amount, and any other damages that are entitled to Plaintiff." (*Id.*)

### B. Claims for Relief

#### 1. Right to an Attorney on Direct Appeal of a Criminal Conviction

When "the State elects to furnish an avenue for appeal, its procedures must comport with the Due Process and Equal Protection Clauses of the Fourteenth Amendment."[1] *Tamalini v. Stewart*, 249 F.3d 895, 902 (9th Cir. 2001). "[T]he two Clauses … require that a State's procedure[s] affor[d] adequate and effective appellate review to indigent defendants." *Smith v. Robbins*, 528 U.S. 259, 276 (2000) (citing *Griffin v. Illinois*, 351 U.S. 12, 20 (1956)) (internal quotation marks omitted). To satisfy this requirement, the state "must provide an indigent defendant with effective assistance of counsel through his first appeal." *Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993) (citing *Douglas v. California*, 372 U.S. 353, 83 (1963)).

Although defendants have a right to counsel on direct appeal, "it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith*, 528 U.S. at 278. Nevertheless, even if "an indigent whose appeal is frivolous has no right to have an advocate make his case to the appellate court, such an indigent does, in *all* cases, have the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments." *Id.* at 278 n.10. (emphasis added) (citations omitted).

Leniently construed, Plaintiff's allegations show that Officers Grimes and Lucas failed to timely send Plaintiff's notice of appeal to the Superior Court, which included a request for appointment of counsel. (*See* Doc. 35 at 4.) Plaintiff states that, as a result, he "was unable to hire

---

[1] Plaintiff frames this right as one arising under the First Amendment. (*See* Doc. 35 at 4.) Courts have recognized that the "right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 611 (9th Cir. 2005*), as amended* (July 21, 2005). However, the Court construes Plaintiff's claim as one more accurately arising under the Fourteenth Amendment. Plaintiff does not allege that Defendants interfered with any communication or association with a particular attorney or class of attorneys. In fact, Plaintiff admits that he corresponded with an attorney at Appellate Defenders, Inc. (Doc. 1 at 8; *see also id.* at 10-11, 13.) Plaintiff's allegations instead show that he was denied the *appointment* of *pro bono* counsel, as required by the Fourteenth Amendment for indigent defendants.

5

counsel to timely submit the application for bail pending appeal, which ultimately caused the forfeiture of the [$]175,000 bond that was in good standing." (Doc. 35 at 6.) Although Plaintiff states that Defendants' actions denied him the ability to "hire" counsel, Plaintiff's allegations more precisely suggest that Defendant's actions denied him the *appointment* of *pro bono* counsel, given that he alleges that they did not timely mail his request for such appointment. (*See id.* at 4.)

The Court finds that Plaintiff does not state a cognizable claim because he does not show a causal connection between Defendants' alleged misconduct and his alleged deprivations, i.e., the denial of appointment of counsel and the forfeiture of bond. Under the "prison-delivery rule" in California, "a prisoner's notice of appeal is deemed timely filed if delivered to prison authorities within the 60-day filing period set forth in rule 31(a) of the California Rules of Court." *In re Jordan*, 4 Cal. 4th 116, 118–19 (1992). Applying this rule, the Superior Court should have accepted Plaintiff's documents even if prison officials did not mail them until July 31, 2018. Thus, even if Grimes and Lucas mailed the documents late, given the prison-delivery rule, the rejection of Plaintiff's notice of appeal and request for counsel are not injuries that a reasonable person would see as foreseeable or a likely result of the conduct. In other words, Grimes and Lucas' actions, as opposed to the court's actions, were not the proximate cause of Plaintiff's alleged injuries. *See Spencer*, 857 F.3d at 798; *see also White v. Roper*, 901 F.2d 1501, 1506 (9th Cir. 1990) (defendant's "conduct is not the proximate cause of [plaintiff's] alleged injuries if another cause intervenes and supersedes his liability for the subsequent events").

Relatedly, Plaintiff does not state whether he contacted the Superior Court to learn if the documents were received, filed, or rejected, and he does not detail whether he attempted to notify the court that he provided the documents to prison officials before the filing deadline. (*See* Doc. 35 at 4, 6.) The failure to alert the court that the documents were timely submitted also presents a significant hurdle to establishing causation.

With respect to Plaintiff's alleged damages, the Court is unsure how a failure to file a notice of appeal would result in the forfeiture of bond. Under California law, once an individual "on bail" is found guilty of an offense and taken into custody, "his or her bail is exonerated." Cal. Penal Code § 1166. The forfeiture of bond, on the other hand, generally occurs when a criminal

defendant fails to appear for a court hearing or "[a]ny other occasion … if the defendant's presence in court is lawfully required." *Id.* § 1305. In other words, whether a criminal defendant's previously posted bond is forfeited is a separate matter from whether the defendant is granted bail pending an appeal. Plaintiff does not explain how the failure to file a notice of appeal *caused* the forfeiture of bond he posted at the beginning of his criminal proceedings. In any event, such forfeiture would not be foreseeable. *See Hines v. United States*, 60 F.3d 1442, 1450 (9th Cir. 1995) ("The question of proximate cause is usually defined with reference to the scope of the foreseeable risks of the actor's conduct.").

In addition, Plaintiff does not show that the Superior Court would have granted him bail if the abovementioned documents *were* timely submitted. The granting of bail pending an appeal of a felony conviction is within the state court's discretion. *See id.* § 1272(c). Thus, whether a judge would have granted Plaintiff bail had he filed a notice of appeal is too speculative to establish proximate causation. *See State Dep't of State Hosps. v. Superior Court*, 61 Cal. 4th 339, 353 (2015) ("proximate cause … not established when a governmental defendant's failure to act allegedly caused injury, but the chain of causation included discretionary determinations for which no liability could be imposed"); *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) ("Federal courts turn to the causation factors … in the common law of torts to supply the necessary causation factor in the civil rights field.").

Lastly, Plaintiff does not link Defendant Henry to the alleged constitutional deprivation. *See Rizzo*, 423 U.S. at 373-75. Unlike with Grimes and Lucas, Plaintiff does not allege that Henry failed to timely mail his notice of appeal or request for appointment of counsel. Rather, he only alleges that Henry failed to provide him a copy of his legal mail log. (Doc. 35 at 4.) Plaintiff does not provide any authorities showing that inmates are entitled to their mail logs upon request, and the Court is unaware of any.

### 2. Right to Send Legal Mail

Prisoners "enjoy[] a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). "However, a prison may adopt regulations which impinge on an inmate's constitutional rights if

those regulations are 'reasonably related to legitimate penological interests.'" *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "Legitimate penological interests that justify regulation of … mail include the prevention of criminal activity and the maintenance of prison security." *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (internal quotation marks and citation omitted). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" *Witherow*, 52 F.3d at 265 (citing *Thornburgh*, 490 U.S. at 412). Similarly, regulations affecting legal mail, i.e., "mail sent between attorneys and prisoners … and … from prisoners to the courts," *Cathy v. Kuzmicz*, No. 19-cv-05932-PJH, 2020 WL 587280, at *2 (N.D. Cal. 2020), are subject to greater restrictions than non-legal mail. *See, e.g.*, *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1209-11 (9th Cir. 2017).

Courts look to four factors when determining whether a regulation is reasonable: "(1) whether there is a 'valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it'; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates'; (3) 'the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally'; and (4) whether there exists an obvious, easy alternative to the regulation 'that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests.'" *O'Keefe*, 82 F.3d at 325 (citing *Turner*, 482 U.S. at 89-91).

Plaintiff states a cognizable claim against Officers Grimes and Lucas for interference with his First Amendment right to send legal mail. Leniently construed, Plaintiff's allegations show that the officers violated CDCR regulations or prison policies by delaying the mailing of his notice of appeal, including a request for appointment of counsel and certificate of probable cause. (*See* Doc. 35 at 8-9.) The Court acknowledges that, at the screening stage, it is unable to properly consider the *Turner* factors referenced above. *See Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (district court "not in a position to decide, on the pleadings," whether a prison's rules "'further an important or substantial government interest,' or impose limitations 'no greater than is necessary'") (citing *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. at 413-14). Plaintiff must only show that his claim is plausible

8

on its face. *See Iqbal*, 556 U.S. at 678; *see also Barrett*, 544 F.3d at 1062.

Plaintiff, however, does not show that he suffered actual harm as a result of Defendants' alleged interference with his mail. That is, for the same reasons provided in section III.B.1, *supra*, Plaintiff's allegations do not establish a causal connection between the alleged misconduct and Plaintiff's alleged injuries, i.e., the denial of appointment of counsel and the forfeiture of bond (*see* Doc. 35 at 10). Similarly, Plaintiff does not link Officer Henry to his claim. As explained in section III.B.1, Plaintiff does not allege that Henry interfered with his right to send mail, only that Henry failed to provide him with a copy of his mail log. (*See* Doc. 35 at 8.)

Because Plaintiff does not show that his alleged harm was *caused* by Defendants' alleged misconduct, Plaintiff may not seek compensatory damages in this action. Plaintiff may seek only "nominal damages," which "are awarded regardless of whether the constitutional violation causes any actual [harm]." *Schneider v. Cty. of San Diego*, 285 F.3d 784, 795 (9th Cir. 2002) (internal quotation marks and citation omitted). In other words, if Plaintiff suffered a constitutional violation but no actual harm, he is "legally entitled to … a mandatory nominal damages award of $1.00 as a symbolic vindication of [his] constitutional right*." Floyd v. Laws*, 929 F.2d 1390, 1403 (9th Cir. 1991); *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992) ("In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his constitutional rights."); *see also Kincaid v. Rusk*, 670 F.2d 737, 745-46 (7th Cir. 1982) (upholding award of nominal damages for First Amendment violation). However, because Plaintiff does not show that Defendants' alleged interference with his legal mail caused him any real injury, e.g., the forfeiture of bond (*see* section III.B.1, *supra*), Plaintiff may not seek compensatory damages such as reimbursement of his bond. Compensatory damages are only available when a constitutional violation causes *actual* harm. *Cf. Hazle v. Crofoot*, 727 F.3d 983, 991-93 (9th Cir. 2013).

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court orders Plaintiff, **within 21 days**, to file a second amended complaint curing the deficiencies identified herein or, alternatively, to notify the Court that he wishes to proceed only on his legal mail claim against Grimes and Lucas and to seek only nominal damages. If Plaintiff no longer wishes to pursue this action, he may file a notice of

9

voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint and prior amendments, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a second amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** from the date of service of this order, Plaintiff must file **one of the following three items**:
    a. a second amended complaint curing the deficiencies identified in this order, or
    b. a notice that he does not wish to file a second amended complaint and instead wishes to (1) proceed only on the claim for interference with legal mail against Grimes and Lucas, (2) seek only nominal damages, (3) dismiss his claim for denial of the right to counsel, (4) dismiss Henry as a defendant, and (5) dismiss his request for compensatory damages, or
    c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: **March 23, 2020**        /s/ Jennifer L. Thurston
                                 UNITED STATES MAGISTRATE JUDGE