UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER SANDERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRIMES, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01285-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANT AND TO ALLOW PLAINTIFF TO SEEK ONLY NOMINAL DAMAGES**<br><br>21-DAY DEADLINE |

Plaintiff's second amended complaint (Doc. 37) is before the Court for screening pursuant to 28 U.S.C. § 1915A. The Court finds that Plaintiff states cognizable claims against Defendants Grimes and Lucas regarding his right to send mail to the courts. Plaintiff's remaining claims are not cognizable. The Court further finds that Plaintiff may seek only nominal damages because he does not show that Defendants' alleged constitutional violations caused him actual injury.

Because Plaintiff has received two prior opportunities to amend (*see* Docs. 28, 36), and his second amended complaint contains the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). The Court, therefore, recommends that Defendant Henry and the claims in Plaintiff's operative complaint be dismissed, except for Plaintiff's claims regarding his right to send mail to the courts. The Court further recommends that Plaintiff be allowed to seek only nominal damages in this action.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation

marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

To satisfy the causation requirement of section 1983, "the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (citations omitted). To establish that a defendant's misconduct is the "cause-in-fact" of an alleged injury, the plaintiff must show that the "injury would not have occurred in the absence of the conduct." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). To establish that the misconduct is the "proximate cause" of an injury, the plaintiff must show that "the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Id.* (citation omitted); *see also Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (causation definition in *Johnson*, *supra*, "closely resembles the standard 'foreseeability' formulation of proximate cause") (citations omitted). "Like in any proximate cause analysis, an intervening event may break the chain of causation between the allegedly wrongful act and the plaintiff's injury." *Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018). "Additionally, a defendant's conduct cannot be considered the proximate cause of the plaintiff's

3

injury if the connection between the constitutional violation and the injury is too remote." *Cox v. United States*, No. 8:16-cv-1222-CJC-KES, 2019 WL 297982, at *10 (C.D. Cal. 2019) (citing *Martinez v. State of Cal.*, 444 U.S. 277, 285 (1980)).

## III. DISCUSSION

### A. Plaintiff's Factual Allegations

Plaintiff's allegations are interspersed with text from various statutes, regulations, and court opinions, some of which are relevant to Plaintiff's claims and some of which are not. (*See* Doc. 37 at 6-18.) From this, the Court gleans the following factual allegations:[1]

Plaintiff's claims stem from events at Wasco State Prison-Reception Center. (*See id.* at 2-3, 10.) On April 16, 2018, Plaintiff submitted a Notice of Appeal of a felony criminal conviction to Correctional Officers Grimes and Lucas, requesting that the notice be mailed to Riverside County Superior Court. (*See id.* at 10.) The Notice of Appeal "has a box tha[t] can be checked to Request Appointment of Counsel on Appeal." (*Id.* at 6.) After four weeks, Plaintiff requested that mailroom staff provide him with a copy of his legal mail log, so that he could confirm that the notice was mailed to the court. (*See id.* at 10.) The mailroom staff failed to respond. (*Id.*) Plaintiff then notified Grimes and Correctional Officer Henry of his attempts to obtain his mail log to confirm that his Notice of Appeal was mailed. (*Id.*)

Plaintiff later mailed a letter to Appellate Defenders, Inc. ("ADI"). (*See id.* at 11, 14.) Officer Henry failed to sign, date, and place his badge number on the letter's envelope, as required by state regulations. (*Id.* at 14-15.) In its response to the letter, ADI notified Plaintiff that his Notice of Appeal had not been received by the Riverside County Superior Court as of May 20, 2018. (*Id.* at 11.) Plaintiff contends that Defendants' failure to timely mail the notice caused Plaintiff to miss the 60-day deadline by which criminal defendants must file a notice of appeal post-conviction, pursuant to California Rules of Court. (*Id.* at 6-7, 11-12) It is "bail agency policy … to keep the bail intact during the 60-day period." (*Id.* at 7.) Plaintiff states that missing the deadline prevented ADI from being appointed to represent him on appeal and caused him to forfeit a $175,000 bail bond. (*Id.* at 11.)

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

The prison appeals coordinator notified Plaintiff that his Notice of Appeal was mailed on July 31, 2018. (*See id.* at 13.) The Superior Court, however, never notified Plaintiff that it received the notice, as required by California Rules of Court. (*Id.* at 12-13.) Plaintiff seeks damages for the forfeiture of his bond. (*Id.* at 18.)

**B. Plaintiff's Claims for Relief**

In its first screening order, the Court found that Plaintiff failed to state a cognizable access-to-courts claim because his allegations did not show that his underlying claim, i.e., his appeal of his criminal conviction, was arguable or non-frivolous. (Doc. 28.) To the extent that Plaintiff attempts to reassert an access-to-courts claim in his second amended complaint, such claim is not cognizable for the same reasons provided in the first screening order. (*Id.* at 3-5.) Plaintiff also raises claims regarding his right to an attorney and his right to send mail to the courts. (*See* Doc. 37 at 7-8, 9.) The Court addresses both below.

1. <u>Right to an Attorney on Direct Appeal of a Criminal Conviction</u>

When "the State elects to furnish an avenue for appeal, its procedures must comport with the Due Process and Equal Protection Clauses of the Fourteenth Amendment."[2] *Tamalini v. Stewart*, 249 F.3d 895, 902 (9th Cir. 2001). "[T]he two Clauses … require that a State's procedure[s] affor[d] adequate and effective appellate review to indigent defendants." *Smith v. Robbins*, 528 U.S. 259, 276 (2000) (citing *Griffin v. Illinois*, 351 U.S. 12, 20 (1956)) (internal quotation marks omitted). To satisfy this requirement, the state "must provide an indigent defendant with effective assistance of counsel through his first appeal." *Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993) (citing *Douglas v. California*, 372 U.S. 353, 83 (1963)).

Although defendants have a right to counsel on direct appeal, "it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include

---

[2] Plaintiff frames this right as one arising under the First Amendment. (Doc. 37 at 7-8.) Courts have recognized that the "right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 611 (9th Cir. 2005*), as amended* (July 21, 2005). However, the Court construes Plaintiff's claim as more accurately arising under the Fourteenth Amendment. Plaintiff does not allege that Defendants interfered with any communication or association with a particular attorney or attorneys in general. In fact, Plaintiff admits that he corresponded with attorneys at ADI. (Doc. 37 at 11, 13, 16.) Plaintiff's allegations instead show that he was denied the *appointment* of *pro bono* counsel to represent him on appeal, as required by the Fourteenth Amendment for indigent defendants.

the right to counsel for bringing a frivolous appeal." *Smith*, 528 U.S. at 278. Nevertheless, even if "an indigent whose appeal is frivolous has no right to have an advocate make his case to the appellate court, such an indigent does, in all cases, have the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments." *Id.* at 278 n.10. (citations omitted).

Leniently construed, Plaintiff's allegations show that Officers Grimes and Lucas failed to timely send Plaintiff's Notice of Appeal to the Riverside County Superior Court, including a request for appointment of counsel. (*See* Doc. 37 at 6-7, 10-11.) Plaintiff contends that, as a result, he failed to submit the Notice of Appeal to the court within 60 days of his conviction, as required under California Rules of Court, which prevented ADI from being appointed as his counsel and causing him to forfeit a $175,000 bail bond. (*See id.* at 6-7, 11-12.)

The Court finds that Plaintiff does not state a cognizable claim because he does not establish a causal connection between Defendants' alleged misconduct and his alleged deprivations, i.e., the denial of appointment of counsel and the forfeiture of bond. Under the "prison-delivery rule" in California, "a prisoner's notice of appeal is deemed timely filed if delivered to prison authorities within the 60-day filing period set forth in rule 31(a) of the California Rules of Court." *In re Jordan*, 4 Cal. 4th 116, 118-19 (1992). Applying this rule, the Superior Court could have accepted Plaintiff's Notice of Appeal even if prison officials mailed them after the 60-day period. Thus, even if Grimes and Lucas failed to timely mail the notice, given the prison-delivery rule, the denial of Plaintiff's request for counsel was not a foreseeable injury. In other words, Grimes' and Lucas' actions, as opposed to the court's actions, were not the proximate cause of Plaintiff's alleged injuries. *See Spencer*, 857 F.3d at 798; *see also White v. Roper*, 901 F.2d 1501, 1506 (9th Cir. 1990) (defendant's "conduct is not the proximate cause of [plaintiff's] alleged injuries if another cause intervenes and supersedes his liability for the subsequent events").

Relatedly, Plaintiff does not state whether he contacted the Riverside County Superior Court to learn if the Notice of Appeal was received, filed, or rejected, and he does not detail whether he attempted to notify the court that he provided the notice to prison officials before the

filing deadline. The failure to alert the court that the notice was timely submitted to prison authorities also presents a significant hurdle to establishing causation.

> In addition, in its response to Plaintiff's letter, an attorney at ADI states:
>
> I have reviewed your case to determine if ADI can assist you in asking the Court of Appeal for permission to file a late notice of appeal and provide a viable basis for the appeal. To do so, I obtained the charging complaint, the plea form, the clerk's minutes of the plea and sentencing, and the abstract of judgment.… Unfortunately, I see no basis to ask permission for the court to grant a request to file a late notice of appeal; ADI cannot assist you. Given the reality that you received the exact sentence which you agreed to receive as a result of the plea …, there would be no issue to raise in the appeal.

(Doc. 1 at 10-11.) Thus, if the constitutional right at issue is the "right to have an attorney … evaluate [Plaintiff's] case and attempt to discern nonfrivolous arguments," *Smith*, 528 U.S. at 278 n.10. (citations omitted), such right appears to have been satisfied by ADI's evaluation of his case. As noted above, Plaintiff does not have a concomitant "right to counsel for bringing a frivolous appeal." *Id.*

With respect to Plaintiff's alleged damages, the Court is unsure how a failure to file a notice of appeal would result in the forfeiture of bond. Under California law, once an individual "on bail" is found guilty of an offense and taken into custody, "his or her bail is exonerated." Cal. Penal Code § 1166. The forfeiture of bond, on the other hand, generally occurs when a criminal defendant fails to appear for a court hearing or "[a]ny other occasion … if the defendant's presence in court is lawfully required." *Id.* § 1305. In other words, whether a criminal defendant's previously-posted bond is forfeited is a separate matter from whether the defendant is granted bail pending an appeal. Plaintiff's allegations do not show how or that the failure to file a notice of appeal *caused* the forfeiture of bond Plaintiff posted at the beginning of his criminal proceedings.

In addition, Plaintiff does not show that the Riverside County Superior Court would have granted him bail if the Notice of Appeal *were* timely submitted. The granting of bail pending an appeal of a felony conviction is within the state court's discretion. *See id.* § 1272(c). Thus, whether a judge would have granted Plaintiff bail had he filed a notice of appeal is too speculative to establish proximate causation. *See State Dep't of State Hosps. v. Superior Court*, 61 Cal. 4th 339, 353 (2015) ("proximate cause … not established when a governmental defendant's failure to

act allegedly caused injury, but the chain of causation included discretionary determinations for which no liability could be imposed"); *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) ("Federal courts turn to the causation factors … in the common law of torts to supply the necessary causation factor in the civil rights field.").

Lastly, Plaintiff does not link Defendant Henry to the alleged constitutional deprivation. *See Rizzo*, 423 U.S. at 373-75. Unlike with Grimes and Lucas, Plaintiff does not allege that Henry failed to timely mail his Notice of Appeal. Rather, he only alleges that Officer Henry failed to sign, date, and place his badge number on the envelope of Plaintiff's letter to ADI. (Doc. 37 at 14-15.) This allegation does not establish a constitutional violation.

### 2. Right to Send Mail to the Courts

Prisoners "enjoy[] a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). "However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "Legitimate penological interests that justify regulation of … mail include the prevention of criminal activity and the maintenance of prison security." *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (internal quotation marks and citation omitted). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" *Witherow*, 52 F.3d at 265 (citing *Thornburgh*, 490 U.S. at 412). Similarly, regulations affecting "mail sent between attorneys and prisoners … and … from prisoners to the courts," *Cathy v. Kuzmicz*, No. 19-cv-05932-PJH, 2020 WL 587280, at *2 (N.D. Cal. 2020), are subject to greater restrictions than other types of mail, *see, e.g.*, *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1209-11 (9th Cir. 2017).

Courts look to four factors when determining whether a regulation is reasonable: "(1) whether there is a 'valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it'; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates'; (3) 'the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison

resources generally'; and (4) whether there exists an obvious, easy alternative to the regulation 'that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests.'" *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (quoting *Turner*, 482 U.S. at 89-91).

The Court finds that Plaintiff states cognizable claims against Officers Grimes and Lucas for interference with his First Amendment right to send mail to the courts. Leniently construed, Plaintiff's allegations show that the defendants interfered with the mailing of his Notice of Appeal to the Riverside County Superior Court. (*See* Doc. 37 at 9-11, 13.) The Court acknowledges that, at the screening stage, it is unable to properly consider the *Turner* factors referenced above. *See Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (district court "not in a position to decide, on the pleadings," whether a prison's rules "'further an important or substantial government interest,' or impose limitations 'no greater than is necessary'") (citing *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. at 413-14). Plaintiff must only show that his claim is plausible on its face. *See Iqbal*, 556 U.S. at 678; *see also Barrett*, 544 F.3d at 1062.

Plaintiff, however, does not show that he suffered actual harm as a result of Defendants' alleged interference with his mail. For the same reasons provided in section III.B.1, *supra*, Plaintiff's allegations do not establish a causal connection between the alleged misconduct, i.e., Defendants' failure to timely mail his Notice of Appeal, and Plaintiff's alleged injuries, i.e., the denial of appointment of counsel and the forfeiture of bond. Additionally, Plaintiff does not link Officer Henry to his claim; he does not allege that Henry interfered with his right to send mail to the court, only that Henry failed to sign, date, and put his badge number on mail to ADI. (Doc. 37 at 14.) As stated in the previous section, this allegation is insufficient to state a cognizable constitutional claim.

Because Plaintiff does not show that Defendants' alleged misconduct caused him harm, Plaintiff may not seek compensatory damages in this action. Compensatory damages are only available when a constitutional violation causes *actual* harm. *Cf. Hazle v. Crofoot*, 727 F.3d 983, 991-93 (9th Cir. 2013). As explained above, Plaintiff does not show that the alleged interference with his mail caused the injuries of which he complains, such as the forfeiture of bond.

Plaintiff may seek "nominal damages," though, which "are awarded regardless of whether the constitutional violation causes any actual [harm]." *Schneider v. Cty. of San Diego*, 285 F.3d 784, 795 (9th Cir. 2002) (internal quotation marks and citation omitted). If a plaintiff suffers a constitutional violation but no actual harm, he is "legally entitled to … a mandatory nominal damages award of $1.00 as a symbolic vindication of [his] constitutional right*." Floyd v. Laws*, 929 F.2d 1390, 1403 (9th Cir. 1991); *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992) ("In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his constitutional rights."); *see also Kincaid v. Rusk*, 670 F.2d 737, 745-46 (7th Cir. 1982) (upholding award of nominal damages for First Amendment violation).

### 3. Title 15 of California Code of Regulations

In his complaint, Plaintiff references sections 3131, 3132, and 3142 of Title 15 of the California Code of Regulations. (Doc. 37 at 8-9, 9-10, 15.) To the extent that Plaintiff attempts to raise a claim under these sections, the Court notes that the section do not create a private right of action. *See Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW, 2009 WL 1211372, at *9 (E.D. Cal. 2009) ("Court has found no authority to support a finding that there is an implied private right of action under Title 15"); *Roberts v. Beard*, No. 15-cv-1044-WQH-RBM, 2019 WL 332704, at *12 (S.D. Cal. 2019) (same). "Under California law, [i]t is well settled that there is a private right of action to enforce a statute only if the statutory language or legislative history affirmatively indicates such an intent…. Particularly when regulatory statutes provide a comprehensive scheme for enforcement by an administrative agency, the courts ordinarily conclude that the Legislature intended the administrative remedy to be exclusive unless the statutory language or legislative history clearly indicates an intent to create a private right of action." *Id.* (internal quotation marks and citations omitted). The regulations cited by Plaintiff do not indicate an intent to create a private right of action. Therefore, Plaintiff may not raise a standalone claim under these regulations.

### IV.     CONCLUSION AND RECOMMENDATIONS

Given Plaintiff's two opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Based on the above,

the Court RECOMMENDS that:

1. Defendant Henry be DISMISSED;
2. All the claims in Plaintiff's complaint (Doc. 37) be DISMISSED, except for Plaintiff's claim that Defendants Grimes and Lucas interfered with his First Amendment right to send mail to the courts, pursuant to 42 U.S.C. § 1983; and,
3. Plaintiff be allowed to seek only nominal damages in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 1, 2020**                             **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE