UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER SANDERS, <br><br> Plaintiff, <br><br> v. <br><br> GRIMES, et al., <br><br> Defendants. | Case No. 1:18-cv-01285-AWI-JLT (PC) <br><br> **ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO APPOINT COUNSEL, AND DIRECTING SERVICE OF COPY OF MOTION TO DISMISS** <br><br> (Docs. 50, 51) |

On December 11, 2020, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. 45.) Plaintiff failed to file an opposition or a statement of non-opposition to Defendants' motion in accordance with Local Rule 230(l). Therefore, the Court ordered Plaintiff to show cause, within 21 days, why this action should not be dismissed for Plaintiff's failure to prosecute. (Doc. 47.) Plaintiff failed to respond to the order to show cause within the time provided. Accordingly, the Court issued findings and recommendations to dismiss this action for failure to prosecute. (Doc. 50.)

Plaintiff filed objections to the findings and recommendations. (Doc. 51.) Therein, Plaintiff contends that he never received Defendants' motion to dismiss, (*id.* at 1), but he does not explain why he failed to respond to the Court's order to show cause. Nevertheless, in an abundance of caution, the Court will withdraw its findings and recommendations and grant Plaintiff <u>one more opportunity</u> to respond to Defendants' motion to dismiss.

Plaintiff also requests the appointment of counsel. (Doc. 51 at 2.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1), *see Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the requisite exceptional circumstances. Although Plaintiff contends that he has limited access to a law library because he is housed at a conservation camp (Doc. 51 at 2), his situation is not exceptional. Many prisoners are housed at conservation camps, and they too must litigate their cases without the assistance of counsel. *See, e.g.*, *Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-cv-00370-BAM, 2021 WL 1164075, at *1 (E.D. Cal. 2021). In addition, at this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff is unable adequately articulate his claims. Accordingly, the Court **ORDERS**:

1. The findings and recommendations to dismiss this action for failure to prosecute (Doc. 50) are WITHDRAWN;
2. The Clerk's Office shall serve copies of Defendants' motion to dismiss and supporting request for judicial notice (Docs. 45, 49) on Plaintiff;
3. Plaintiff shall have **30 days** from the date of service of this order to file an opposition or a statement of non-opposition to Defendants' motion to dismiss; and,
4. Plaintiff's motion for appointment of counsel (Doc. 51) is DENIED without prejudice.

**Plaintiff's failure to comply with this order will result in a recommendation that this case be**

**dismissed for failure to prosecute and to obey court orders.**

IT IS SO ORDERED.

Dated: __**May 18, 2021**__  _____ /s/ Jennifer L. Thurston
CHIEF UNITED STATES MAGISTRATE JUDGE